# Smith *v.* Southern Express Company.

*Action against Express Company upon Money Order issued by it.*

1. *Action against express company on money order; admissibility of evidence.*—In an action against an express company upon a money order issued by the defendant in the name of the plaintiff, where the defendant pleaded specially that the said order was issued without consideration, and upon this plea issue was joined, and it is shown that the agent of the defendant who drew said money order was indebted to the plaintiff, it is competent to prove that such agent of the defendant defaulted, and the amount of his default, and also as to whether or not plaintiff supplied any consideration for the order, or whether the defendant owed him anything recoverable under the common counts; the material question under the issue joined on the special plea being whether or not the agent paid for the order or drew it without supplying any consideration.

APPEAL from the City Court of Selma.

Tried before the Hon. J. W. MABRY.

This suit was originally brought in a justice court by H. M. Smith against the Southern Express Company. It was there tried and judgment rendered for Smith and was appealed to the city court of Selma by the Express Company. The complaint in the city court contained six counts. The first count was the Code form on a note or money order; the second count was the same as the first, except it set forth the money order *in haec verba*, and set forth what the plaintiff did with the order after receiving it; the third count was for money had and received; the fourth count was on an account stated; the fifth count was for money loaned; the sixth count averred the issuance of the money order by the Express Company to Smith, set the same out *in haec verba;* that one W. A. Airheart was the agent of the Express Company and had authority to issue the said money order; that said money order was by Smith transferred to L. & E. Lamar, that by the Lamars it was transferred to the City National Bank, and by it presented to the Express Company for payment, and payment was refused; that Smith paid to the Lamars the amount paid to him and took back said money order. The appellee, Express Company, interposed fifteen pleas, to all of which demurrers were sustained, except the 1st and 8th pleas, and the cause was tried on these two pleas. These pleas are sufficiently shown in the opinion. The other facts of the case, necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

The plaintiff requested the court to give to the jury the general affirmative charge in his favor. The court refused to give this charge, and to this ruling the plaintiff duly excepted. At the request of the defendant the court gave the general affirmative charge in its behalf, and to the giving of this charge the plaintiff duly excepted.

There were verdict and judgment for the defendant. The plaintiff appeals and assigns as error the several rulings of the trial court to which exceptions were reserved.

[Smith v. Southern Express Company.]

PETTUS, JEFFRIES & PARTRIDGE, for appellant.—If the Express Company executed the money orders in blank, and entrusted them with Airheart, its agent, with specific instructions to filling up the same, and Airheart violates these instructions, and fills up one of the money orders for a different purpose, or for a different amount, and uses it to pay his own debt to appellant, appellant acquires a good title thereto unless he was aware of the instructions between the Express Company and Airheart. It is too well settled to be now questioned that the Express Company would be liable upon such order, to a holder for value, whether the money order be intended to be used for that purpose, or whether it was used for the payment of Airheart's own debt, if the money order was wrongfully filled up by Airheart to whom the blank was entrusted, and by him delivered to appellant for value.—*Russell v. Langstaff*, 2 Doug. 514; *Bank v. Neal*, 22 How. Pr. 96; *Putnam v. Sullivan*, 4 Mass. 45; 3 Amer. Dec. 206; *Roberts v. Adams*, 8 Port. 297; 33 Am. Dec. 291; 34 Am. Dec. 755; *Marshall v. Drescher*, 68 Ind. 359; *Eichelberger v. Bank*, 103 Ind. 401; *Spitler v. James*, 2 Amer. Rep. 334; *Violett v. Patton*, 5 Cranch 142; Tiedeman on Commercial Paper, §§ 81, 283; 1 Daniel on Negotiable Instruments, § 147; *Van Duzer v. Howe*, 21 N. Y. 531; *Fullerton v. Sturgis*, 4 Ohio St., 529.

This principle has been firmly fixed by this court. Mr. Justice ORMOND, *in Decatur Bank v. Spencer*, 9 Ala. 800, says: "It has frequently been held by this, as well as by other courts, that when one entrusts another with his signature to a note in blank, upon an agreement between them, that it is to be filled up with a certain amount, or to be used in a particular mode, and this contract is violated, either by the insertion of a larger amount, or by using the instrument in a way not contemplated by the party signing it, if the person receiving it is ignorant of the fraud which has been committed and gives a valuable consideration for the paper, he may recover upon it."—*Roberts v. Adams*, 8 Porter 297; *Herbert v. Huie*, 1 Ala. 18; *Huntington v. Bank of Mobile*, 3 Ala.

[Smith v. Southern Express Company.]

186; *Leary v. Nance*, 5 Ala. 370; *Robertson v. Smith*, 18 Ala. 226; *First Nat. Bank v. Danson*, 78 Ala. 67.

A. L. McLEOD and MALLORY & MALLORY, *contra.*—An agent with authority to sell cannot buy from himself, nor traffic for his own benefit with his principal's property.—Story on Agency, (9th ed.), § 9; 69 Ala. Rep. 383; 27 Ala. Rep. 612. The testimony shows without conflict that Airheart paid nothing to the company for the order and that plaintiff paid nothing, and his notes were returned to him and he still has them. As far as the Express Company was concerned, the order sued on was void.—124 Ala. Rep. 535 and citations.

Under no aspect of the case was plaintiff entitled to recover. If appellant had received the money on the orders, appellee could have recovered it back.—*Gerard v. McConnell*, 24 L. R. A. 234; *Anderson v. Kissom*, 35 Fed. Rep. 702; *Christie v. Foster*, 61 Fed. Rep. 551; *Claflin v. Bank*, 25 N. Y. 293; *Camden Trust Co. v. Abbott*, 44 N. J. 257; *Moore v. City Nat. Bank*, 111 W. S. 156; *Lamson v. Beard*, Banking Cases, (Vol. 1), 568; *Wilson v. Metropolis R. Co.*, 120 N. Y. 145; *Garrard v. Pittsburg R. Co.*, 29 Pa. St. 154; *Show v. Spencer*, 100 Mass. 388; Tiedeman Commercial Paper, § 82.

SHARPE, J.—Airheart, who was agent for the defendant at Brunswick, Georgia, owed plaintiff a debt evidenced by three notes. On August 28, 1899, plaintiff received by mail three money orders on defendant aggregating the amount of his debt, bearing date of August 26, 1899, purporting to be signed by defendant's treasurer, its traffic manager, and to be countersigned by Airheart as its agent. Thereupon plaintiff marked the notes "paid" and mailed them addressed to Airheart, but they were afterwards returned to plaintiff by the postal authorities in the envelope in which he had enclosed them, the envelope bearing stamp marks indicating that the package had been carried to Brunswick and had not been claimed. Plaintiff sold the money orders but afterwards rescinded the sale, and one of those orders is here sued on.

The complaint consists of three counts on the order specially, the same being set out in counts two and six, one count for money had and received, one on an account stated, and one for money loaned. Issues of fact were joined only on plea 1, which averred merely that the allegations of the complaint were untrue, and plea 8, the averments of which are "that the cause of action is founded upon a paper writing set out in counts two and six of plaintiff's complaint, and said paper writing is without consideration." A demurrer to plea 8 was interposed, but it was not on any tenable ground, and was properly overruled.

A witness testified in substance that on the evening of the day the order purported to have been issued, Airheart defaulted in his agency and "skipped." The issue joined on plea 8 presented the material question of whether Airheart paid for the order or drew it without supplying any consideration and as part of a scheme to defraud defendant. To that inquiry evidence of the amount for which Airheart defaulted was relevant. It was also material to learn whether plaintiff supplied any consideration for the order, and whether the defendant owed him anything recoverable under the common counts. Such matters being under investigation, there was no error in overruling objections to the questions propounded to defendant's witness as to whether defendant received any money for the order from Airheart, or in requiring plaintiff to answer the questions addressed to him as to whether he paid for the order in question and whether defendant owed him anything.

The attempt made by plaintiff to cancel and surrender the notes worked no detriment to him for which defendant was responsible. The uncontradicted testimony shows that defendant received nothing for the order, that the same was without consideration, and there was a total absence of evidence to show that the defendant was indebted for anything else. In such condition of the proof the court was right in giving the affirmative charge requested by defendant, and in refusing the opposite charge requested by plaintiff.

Affirmed.